# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOAN C. HARRUP,

      Appellant,

      v.

DEPARTMENT OF DEFENSE,

      Agency.

DOCKET NUMBER
DC-0752-13-5718-I-1[1]

DATE: June 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Lucy Lewis, Richmond, Virginia, for the appellant.

David A. Evers, Richmond, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's furlough action. Generally, we grant petitions such as this

---

[1] This appeal originally was part of a consolidation pursuant to 5 C.F.R. § 1201.36(a)(2). *See Defense Logistics Agency II v. Department of Defense*, MSPB Docket No. DC-0752-15-0083-I-1, Consolidated Appeal File (CAF). Only the appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant serves as a contract specialist with the agency and was furloughed for 6 days following the President's March 1, 2013 sequester order. Initial Appeal File (IAF), Tab 1 at 8. The appellant filed an appeal of the agency's furlough action, which was consolidated with several other employees' appeals. IAF, Tab 1; *see* CAF, Tabs 1-2. Following a hearing, the administrative judge issued an initial decision sustaining the agency's action, finding that the agency was required to furlough employees based on a budget shortfall, and that it did so in a fair and even manner. CAF, Tab 13, Initial Decision (ID). The administrative judge also found that the appellants were provided an adequate opportunity to respond to the proposed furlough actions which satisfied the dictates of due process, and that they failed to prove any of their affirmative defenses. ID at 11-13. In reaching this latter conclusion, the administrative judge specifically addressed the instant appellant's argument that the agency failed to comply with a memorandum of agreement (MOA) between the agency and the appellant's union concerning the scheduling of furlough days for

employees working either an alternative work schedule or a part-time schedule. ID at 12-13. The administrative judge construed the appellant's argument on this issue as raising an affirmative defense of harmful error, and she found that the appellant failed to prove her claim because there was no evidence that she worked an approved alternative work schedule or was a part-time employee. ID at 13.

¶3    The appellant has filed a petition for review primarily challenging the administrative judge's denial of her harmful error allegation based on a violation of the MOA. PFR File, Tab 1 at 4-5. On review, the appellant argues that she had an approved reasonable accommodation prior to the agency's furlough action, which allowed her to take 2 hours of leave without pay on Tuesdays and 4 hours of leave without pay on Thursdays. *Id*. at 5. During the furlough, however, when she was not working each Monday, the appellant claims that she was unable to take time off on Tuesdays and Thursdays and "still accomplish [her] work requirements, fulfill [her] financial responsibilities, and maintain [her] therapy schedule[.]" *Id*. On review, she also asserts that the change in her work schedule constitutes disability discrimination in violation of the Rehabilitation Act, and she submits several new documents, which she acknowledges she did not submit below because she was unaware of the nature of the administrative judge's initial decision. *Id*. at 3-4, 7-9. The agency has filed a response in opposition to the petition for review arguing that the initial decision should be affirmed, and it has objected to the appellant's submission of new evidence on review. PFR File, Tab 4 at 7-8. The appellant has filed a reply in further support of her petition for review. PFR File, Tab 5.

¶4    Although the appellant does not specifically challenge the administrative judge's findings concerning the imposition of the furlough action, we have reviewed the initial decision and find no reason to differ with the administrative judge's conclusions that the agency established cause for imposing the furlough and that it effected the furlough in a fair and even manner. ID at 10-11. The Board has found that an agency meets its burden of proving that a furlough

promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it, and that the agency applied its determination as to which employees to furlough in a fair and even manner. *In re Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 14 (2014). We agree with the administrative judge that the agency presented preponderant evidence satisfying these standards and thus substantiated its furlough action.

¶5        We further concur with the administrative judge's denial of the appellant's harmful error affirmative defense. ID at 12-13. Pursuant to 5 U.S.C. § 7701(c)(2), an agency's adverse action, including a furlough of less than 30 days, "may not be sustained . . . if the employee or applicant for employment (A) shows harmful error in the application of the agency's procedures in arriving at such decision[.]" *Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶ 7 (2015). Reversal of an agency's action is required therefore where an appellant establishes that the agency committed a procedural error that likely had a harmful effect on the outcome of the case. *Id*. The appellant bears the burden of proving by preponderant evidence that the agency committed harmful error in reaching its decision. *See* 5 C.F.R. § 1201.56(b)(2)(i)(C), (c)(1).

¶6        We agree with the administrative judge that the appellant did not establish her harmful error affirmative defense. ID at 12-13. The appellant alleged below that the agency failed to comply with the MOA regarding the scheduling of furlough days for employees working either an alternative work schedule or part-time. *See* IAF, Tabs 6-7. We agree with the administrative judge, however, that the appellant did not prove that she was either working an approved alternative work schedule at the time of the furlough or that she was a part-time employee. ID at 13; *see* IAF, Tab 1 at 8 (the appellant's Standard Form 50 reflecting she is a full-time employee). We thus concur with the administrative judge's conclusion that the referenced MOA provisions did not apply to the

scheduling of the appellant's furlough days, and that they cannot serve as the basis for a harmful error affirmative defense.[3] ID at 13.

¶7    Finally, we find that the appellant failed to raise an affirmative defense of disability discrimination in the proceedings below, and we find that she cannot raise such a claim for the first time on review. *See Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 3 n.1 (2015) (the Board will not consider a new claim raised for the first time on review absent a showing it is based on new and material evidence not previously available despite the party's due diligence).  The record reflects that the appellant did not raise her disability discrimination allegations in her initial appeal, and that she did not do so in response to the administrative judge's affirmative defenses order.  IAF, Tab 1; *see* CAF, Tabs 4, 8; *see also* ID at 12.  Although the appellant has submitted new evidence on review concerning her challenge to the scheduling of her furlough days in connection with her disability discrimination claim, we find that this information previously was available to her and it does not justify accepting a new claim of disability discrimination for the first time on review.  PFR File, Tab 1 at 7-8.  The appellant's submission of a reasonable accommodation request form that postdates the furlough period, moreover, is immaterial to her disability discrimination allegation in connection with her furlough in 2013, and it does not

---

[3] Moreover, the section of the MOA cited by the appellant concerning the scheduling of furlough days for employees working an alternative work schedule does not exempt employees from the furlough.  *See* IAF, Tab 7 at 4, ¶ 3 ("Those employees who currently have an alternative work schedule with a scheduled regular day off will have the option of retaining their current day off as their weekly furlough day.").  A subsequent clause of the MOA explains that "[e]mployees who were working any type of alternative work schedule will return to such work schedule effective the first full pay period following the end of the furlough period."  *Id*. at 5, ¶ 5.  Reading these clauses together, the MOA provides employees with the option of scheduling their furlough day on a day they otherwise would not have been working had they been working an alternative work schedule.  Implied in these provisions, however, is that employees would not work an alternative work schedule during the furlough.  Thus, even if these provisions applied to the appellant, which they do not, they would not have exempted her from the financial effects of the furlough, as she suggests on review. *See* PFR File, Tab 1 at 3-4.

justify accepting and adjudicating a new affirmative defense for the first time on review. *See id*. at 9.

¶8    The administrative judge's initial decision sustaining the agency's furlough action and denying the appellant's affirmative defense of harmful error is affirmed.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:              _____

William D. Spencer
Clerk of the Board

Washington, D.C.